```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:18-CR-615-1 |
| V. | **OPINION** |
| ROGER SOBRADO | |

**APPEARANCES:**

BARRY I. GROSS
MEAGHAN GEATENS
FAEGRE DRINKER BIDDLE & REATH LLP
ONE LOGAN SQUARE
SUITE 200
PHILADELPHIA, PA 19103

 *Counsel for Defendant*

JASON M. RICHARDSON
OFFICE OF THE U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NJ 08101

 *Counsel for the United States*

**HILLMAN, District Judge**

  This matter comes before the Court upon Defendant Roger Sobrado's ("Defendant") Motion for Reduction of Sentence under the First Step Act and Motion to Seal his Motion for Compassionate Release. (ECF Nos. 14-15.) For the reasons expressed below, Defendant's Motions will be denied.

**BACKGROUND**

Defendant Roger Sobrado is incarcerated at U.S. Penitentiary ("USP") Lewisburg. In 2017, Defendant pled guilty to (1) attempt and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; (2) conspiracy to violate the Arms Export Control Act in violation of 18 U.S.C. § 371; and (3) attempt to evade or defeat tax in violation of 26 U.S.C. § 7201. The Court sentenced Defendant to thirty-six months of incarceration and three years of supervised release. Defendant is now 50 years old and at the time Defendant's Motions were filed, Defendant had served 18 months of the incarceration sentence.

Defendant filed the present motion seeking compassionate release due to medical reasons and conditions of confinement. It is undisputed by both parties that Defendant has been diagnosed with hypertension, which Defendant tries to manage by taking medication daily. Defendant tested positive for COVID-10 on December 21, 2020, but as of December 31, 2020, Defendant recovered from COVID-19 and was transferred back to Lewisburg's camp facility, where he has remained since that time. Moreover, the Bureau of Prisons ("BOP") administered the first dose of the COVID-19 vaccine produced by Moderna to the Defendant on January 29, 2021 and the second dose on February 26, 2021.

2

**DISCUSSION**

**A. Motion for Reduction of Sentence under the First Step Act**

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, No. 10-434, 2020 U.S. Dist. LEXIS 72991, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Before bringing a motion for reduced sentence on their own behalf, defendants first must 'ask the Bureau of Prisons (BOP) to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Davis, No. 19-00949, 2021 U.S. Dist. LEXIS 70617, *2 (D.N.J. Apr. 21, 2021)(quoting United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 U.S. Dist. LEXIS 72991, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)). "At the second step, a defendant has the burden of demonstrating to the Court that '(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a

3

reduction.'" United States v. Jackson, No. 13-0429, 2021 U.S. Dist. LEXIS 71928, at *4 (D.N.J. Apr. 14, 2021) (quoting United States v. Pabon, 458 F. Supp. 3d 296, 299 (E.D. Pa. 2020)).

Here, the parties agree that Defendant has satisfied the exhaustion requirement and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court focuses on the second step of the analysis: (1) whether Defendant has demonstrated that extraordinary and compelling reasons exist that warrant release; (2) whether the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) whether the Section 3553(a) factors weigh in Defendant's favor.

### a. Whether Extraordinary and Compelling Reasons Exist

Defendant asserts that the fact Defendant suffers from hypertension and the conditions of confinement during the pandemic constitute extraordinary and compelling circumstances warranting a reduction in his sentence. While the Court does not seek to undermine the seriousness of this pandemic, the Court finds Defendant's arguments about COVID-19 unpersuasive. As the Third Circuit has noted, "the mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." Raia, 954 F.3d at 595. Moreover, the Court also considers the data collected regarding COVID-19 at

USP Lewisburg, where Defendant is currently incarcerated.  The facility currently holds a total of 707 inmates, 272 in the Camp.[1]  However, there are currently zero active inmate cases at the facility.[2]  Moreover, zero inmates have died since the outbreak of the pandemic, while 241 inmates have recovered from COVID-19, including Defendant himself.[3]  "Thus, standing alone, the relatively low existence of COVID-19 at" USP Lewisburg "is insufficient to show 'extraordinary and compelling reasons' for release."  United States v. Toney, No. 83-00017, 2021 U.S. Dist. LEXIS 70615, at *4 (D.N.J. Apr. 12, 2021).

The Court recognizes that Defendant has hypertension, which Defendant tries to manage by taking medication daily.  The Court further recognizes that hypertension may, under certain circumstances, be a qualifying medical condition under the applicable Guidelines Policy Statement.  U.S.S.G. § 1B1.13, application note 1.

However, those circumstances are not present here.  Defendant has already contracted and recovered from COVID-19 and

---

[1] USP Lewisburg, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/lew/ (last visited June 5, 2021).

[2] COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/   (last visited June 5, 2021).

[3] Id.

5

his medical records reveal no evidence of advanced disease or continuing complications.  In fact, an April 14, 2021 clinical encounter reveals a blood pressure reading close to normal limits (117/82) and recites that the Defendant "[f]eels well and continues to exercise intensely and regularly[.]"

Additionally, "there are currently three available vaccines, each of which has proven highly effective at preventing COVID-10 illness in persons who have been fully inoculated." United States v. Mann, No. 16-0380, 2021 U.S. Dist. LEXIS 89085, at *8 n.5 (D.N.J. May 7, 2021).  As of this writing, the BOP reports complete inoculations for 221 staff members and 519 inmates at USP Lewisburg, including Defendant.[4] While this Court recognizes the possibility of a "breakthrough" reoccurrence, especially in light of new variants of the COVID-19 virus, the Court may also consider it reasonable to conclude that '[n]ow that Defendant has received "both Moderna vaccine doses . . . his risk of severe illness through COVID-19 reinfection is now greatly reduced." United States v. Thieme, No. 16-294, 2021 U.S. Dist. LEXIS 81494, at *7 (D.N.J. Apr. 28, 2021); see also United States v. Wilson, No, 13-787-1, 2021 U.S. Dist. LEXIS 95294, at *5 (D.N.J. May 19, 2021)(quoting United States v. Pabon, No. 17-312, 2021 U.S. Dist. LEXIS 28602, at *10

---

[4] Id.

(S.D.N.Y. Feb. 16, 2021) ("However, Defendant is fully vaccinated against COVID-19 as of April 3, 2021. Thus, there is an 'extremely small' likelihood that Defendant 'will contract COVID-19 and become seriously ill.'")). For the foregoing reasons, the Court cannot find that extraordinary reasons based on Defendant's medical conditions warrant a reduction of Defendant's sentence. See U.S.S.G. § 1B1.13, application note 1.

Moreover, the Court rejects Defendant's argument that extraordinary and compelling reasons exist due to Defendant's inability to complete the Residential Drug Abuse Program ("RDAP"), the 24 lockdowns at Metropolitan Detention Center Brooklyn where Defendant spent time in transit to Lewisburg, and the fact Defendant contracted COVID-19 and as a result was forced to spend weeks at a time by himself. The Court recognizes that as a result of the rapid spread of COVID-19 throughout prisons, prisoners such as Defendant were likely to experience prolonged lockdowns to prevent the spread of COVID-19. In addition, as a result of Defendant contracting COVID-19, this Court understands the importance of the BOP's decision to require Defendant to spend weeks at a time isolating from others and remaining alone to prevent the spread of COVID-19. The Court recognizes the delayed transfer to USP Lewisburg appears to have delayed the Defendant's ability to timely complete the RDAP. But participation in the RDAP is not a right but an

opportunity that is denied federal inmates for a variety of reasons nor is success in the program guaranteed. It is the successful completion of the program and the hope that it may reduce recidivism that warrants a sentence reduction not the mere opportunity.[5]

The Court finds the totality of the foregoing circumstances are insufficient to demonstrate extraordinary and compelling circumstances that would warrant a modification of Defendant's incarceration sentence.

### b. Section 3553(a) Factors

Even if Defendant could show his case involves extraordinary and compelling circumstances the Court would deny the motion as an analysis of the Section 3553(a) factors further supports the denial of Defendant's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court looks to the factors contained 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to

---

[5] By letter dated May 17, 2021, counsel for the Defendant has informed the Court that Defendant has been making progress in the RDAP program and that if he completes it successfully he may be released to a halfway house as early as July 20, 2021. (ECF No. 19). The Court commends the Defendant for his efforts at rehabilitation.

> promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553.

Defendant argues that the factors weigh in his favor because he has had no disciplinary infractions during his 18 months of incarceration, he has been an exemplary participant in RDAP, and he has served a harsher sentence than what was intended at his original sentencing. While the Court commends Defendant for his actions while in prison and finds Defendant's risk of recidivism is low, the Court finds that the Section 3553(a) factors ultimately weigh against compassionate release. As explained at Defendant's sentencing, the Court agreed with the government that Defendant engaged in very serious offenses, including providing sensitive export-controlled military drawings to a non-citizen, and an extensive fraud scheme, which included recruiting others and setting up front companies, to defraud the Department of Defense out of $7,534,015. In addition, Defendant evaded income tax in the amount of $509,962.

Despite the Probation Office's initial suggestion of an imprisonment range of 78 to 97 months, this Court first departed

9

to a guidelines range of 37 to 46 months on the government's motion and then varied downward a second time to a range of 33 to 41 months.  The Section 3553(a) factors have not changed since the time the Court previously sentenced Defendant and the Court ultimately sentenced Defendant to 36 months — substantially below the advisory guideline range — by balancing the seriousness of the offenses against the low risk of Defendant's recidivism, the Government's departure motion, and Defendant's service to his community and others.

Of Defendant's sentence, Defendant has only served 18 months so far.  "A further reduced sentence here would not 'reflect the seriousness of the offense,' 'promote respect for the law,' or 'provide just punishment for the offense.'" United States v. Conway, No. 16-370, 2021 U.S. Dist. LEXIS 89935, at *7 (D.N.J. May 11, 2021) (quoting 18 U.S.C. §§ 3553(a)(2)(A)).  In addition, "the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence" as he has served only one-half of his sentence. United States v. Edmonds, No. 18-364, 2021 U.S. Dist. LEXIS 76561, at *5 (D.N.J. Apr. 21, 2021).  "This would be a drastic variance and run counter to the goals of Section 3553."  Id.

In sum, because there are no extraordinary and compelling reasons warranting Defendant's release and the Section 3553(a)

10

factors[6] weigh against release, the Motion for Reduction of Sentence will be denied.

## B. Motion to Seal

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted). A party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Millhouse v. Ebbert, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted).

Here, Defendant fails to meet his heavy burden. In support of his Motion to Seal, Defendant merely reiterates that he has been a cooperating witness and in a conclusory fashion states: "to ensure Mr. Sobrado's safety at present and going forward"

---

[6] None of the other 3553(a) factors favor compassionate release in this case.

11

Defendant moves for the Court to an enter an Order sealing his Motion for Compassionate Release. (ECF No. 15 at 2.) The Court finds Defendant, through his Motion to Seal, has not shown good cause for rebutting the presumption of public access to the documents filed on this Court's docket.[7] Accordingly, the Court will deny Defendant's Motion to Seal.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion for Reduction of Sentence under the First Step Act and Motion to Seal will be denied.

An appropriate Order will be entered.


Date: June 7, 2021
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[7] While U.S.S.G. § 5K1.1 authorizes a sentencing court to explain its reasons for granting a departure for substantial assistance to authorities to the defendant *in camera* and in writing under seal, see id., Background, nothing in that commentary or any other body of law authorizes a court to seal the fact of such a departure under the Guidelines.